## WILLIAM T. BROOKS, APPELLANT, *v.* DANIEL M. HANCHETT, RESPONDENT.

*Practice — motion to make a complaint more definite and to state causes of action separately — within what time it must be made — Code of Civil Procedure, sec. 546 — General Rule No. 22 — when the right to make such a motion is waived, by procuring an extension of the time to answer or demur.*

APPEAL from an order of the Monroe Special Term, requiring the plaintiff to separately state and number the several causes of action set forth in his complaint.

The complaint in this action was served on the 2d day of August, 1884. It appears from the opposing affidavits read upon the hearing of the motion that the defendant's time to answer or demur was extended by stipulation until September 18, 1884, and that the additional time was stipulated to answer or demur only, and for no other purpose. The motion papers herein were served on the 18th day of September, 1884. The time for the defendant to answer was again extended to and including the 1st day of October, 1884, by an order of the county judge of Orleans county. The order of the county judge was not dated, and did not show whether or not it was procured before or after the time to answer or demur had expired as extended by stipulation. It thus appears that the motion papers herein were served forty-six days after the service of the complaint. The notice of motion is for a rule or order that the plaintiff be required to separate and number the several causes of action and the statement of facts constituting each cause of action set forth in the complaint, and that the complaint be made more definite and certain in the respects mentioned, etc.

The court at General Term said : " Section 546 of the Code provides that ' where one or more denials or allegations contained in a pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment.'

" Rule 22 provides that ' motions to strike out of any pleading matter alleged to be irrelevant, redundant or scandalous, and motions to correct a pleading on the ground of its being ' so indefinite or uncertain that the precise meaning or application is not apparent,' must be noticed before demurring or answering the pleading, and within twenty days from the service thereof.'

" The motion herein is to have the complaint made more definite and certain, and consequently it should have been made within twenty days from the date of the service of the complaint, in order to be within the provisions of the rule. ( *Walker* v. *The Granite Bank,* 1 Abb. [N. S.], 406 ; *Colton* v. *Jones,* 7 Robertson, 164 ; *Roosa* v. *The Saugerties and Woodstock Turnpike Road Co.,* 8 How., 237 ; *The N. Y. Ice Co.* v. *The Northwestern Insurance Co.,* 21 How., 234 ; *Barber* v. *Bennett,* 4 Sandf., 705.)

" Again, it appears that the defendant procured extensions of time to answer or demur, both by stipulation of the plaintiff and the order of the county judge, and in procuring the stipulation and order he did not reserve the right to move to correct the complaint. This was a waiver of all objections to the complaint and a bar to the motion. It involves an admission that the complaint is in form to require an answer. (*Bowman* v. *Sheldon,* 5 Sandf., 657 ; *Garrison* v. *Carr,* 3 Abb. [N. S.], 266 ; *Marry* v. *James,* 34 How., 238.) Upon the merits we do not discover any serious objection to the complaint." * * *

*John H. White,* for the appellant.

*J. D. Decker,* for the respondent.

Opinion by HAIGHT, J. ; BARKER and BRADLEY, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion denied, but with leave to the defendant to answer or demur within ten days after service of a copy of this order.